MILLER and others *v.* BUCHANAN and another.

*(Circuit Court, S. D. New York.* August 21, 1880.)

1. PLEADING—ANSWER—IMPERTINENCE.—The answer of the defendant contained, *inter alia,* the following language : " Further answering, these defendants admit, on information and belief, that a decree was rendered in the suit of the above-named complainants against S. J. Foree *et al.,* at the date as alleged in said bill ; but these defendants, on like information and belief, deny that said decree was rendered after full consideration, but, on the contrary, aver, on such information and belief, that the said decree was made, and said finding had, without a full reading of the proofs in the cause, or a careful consideration of the briefs of the counsel filed therein ; the court, as these defendants are advised and believe, without taking time to consider, deciding said cause and granting said decree even before counsel had completed the argument and presentation of the same." *Held,* upon exception, that such language was neither impertinent nor scandalous.

2. SAME—SAME—INSUFFICIENCY.—When a bill for the infringement of a patent substantially alleges that the defendants have used the process claimed in the first claim of the patent, the answer is not insufficient for want of a specific denial of such allegation, where such answer expressly denies that the defendants have practiced the invention described in the first claim.—[ED.

In Equity.   Exceptions to Answer.

This was a suit for the infringement of letters patent. The complainants excepted to the answer for impertinence and insufficiency. The matter excepted to as impertinent was as follows :

"Further answering, these defendants admit, on information and belief, that a decree was rendered in the suit of the above-named complainants against S. J. Foree *et al.,* at the date as alleged in said bill ; but these defendants, on like information and belief, deny that said decree was rendered after full consideration, but, on the contrary, aver, on such information and belief, that the said decree was made, and said finding had, without a full reading of the proofs in the cause, or a careful consideration of the briefs of the counsel filed therein ; the court, as these defendants are advised and believe, without taking time to consider, deciding said cause

and granting said decree even before counsel had completed the argument and presentation of the same."

*Hatch & Stem,* for plaintiffs.

*Samuel S. Boyd,* for defendants.

BLATCHFORD, C. J.   The first exception specified that the matter excepted to is impertinent, not that it is scandalous. The bill alleges that the decision in the suit against Force was made "after full consideration."   The answer denies that it was made after full consideration, and then proceeds to allege that it was, "on the contrary," made under certain alleged circumstances, which, if proved, would go to show that it was not made after full consideration.   But there is nothing in the circumstances alleged which makes the allegation scandalous, or which contains any imputation on the court.   The matter excepted to is neither impertinent nor scandalous.

The second exception is for insufficiency, and seems to be based on the idea that while the bill alleges substantially that the defendants have used the process claimed in the first claim of the patent, the answer does not specifically deny that allegation.   But the answer expressly denies that the defendants have practiced the invention described in the first claim.

The exceptions are overruled, with costs.